UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KIM DUNCAN, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6896 |
| AGENT ALLIANCE INSURANCE COMPANY | * | SECTION "L" DIV. (2) |

## ORDER AND REASONS

Before me is Plaintiff Joy Fellowship Church of Slidell, LA's Motion for Leave to File First Amended Complaint. ECF No. 10. This motion was scheduled for submission on February 28, 2024. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, February 20, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the Motion is GRANTED for the reasons that follow.

## LAW AND ANALYSIS

This is a Hurricane Ida case in which Plaintiffs seek to recover contractual and extra-contractual damages against Defendant Agent Alliance Insurance Company. ECF No. 1-1. Plaintiff Joy Fellowship Church of Slidell, LA seeks to amend its Complaint in response to the insurer's Motion to Dismiss seeking dismissal of the claims on the basis that Plaintiffs are not named insureds, additional insureds or third party beneficiaries of the lender-placed insurance policy naming Joy Fellowship's mortgagee Resource Bank as the insured. ECF No. 7-2. Plaintiff seeks to amend the complaint to assert that the damage exceeds the mortgage balance, rendering it a third party beneficiary. ECF No. 10-2 ¶¶ 3-4. It timely sought leave to amend as no Scheduling Order has been issued. Thus, the request for leave to amend is governed by FED. R. CIV. P. 15(a)

1

rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b). *See S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[1] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[2] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[3]

Defendant has not filed an Opposition to Plaintiff's motion. Moreover, given the early stage of this case and Defendant's failure to identify a reason for opposition to the motion, there is no "substantial reason" to deny Plaintiff's request for leave to amend under Rule 15(a).

---

[1] FED. R. CIV. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[2] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).
[3] *Id*. at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling,* 234 F.3d at 872).

Accordingly, for the foregoing reasons and considering the record, the submission and argument of counsel, the lack of opposition filed by any party, the failure to demonstrate prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 10) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 10-2) into the court record.

New Orleans, Louisiana, this 28th day of February, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE