UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DUNCAN ET AL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-6896** |
| **AGENT ALLIANCE INSURANCE COMPANY** | * | **SECTION L** |

## ORDER & REASONS

Before the Court is Defendant Agent Alliance Insurance Company's ("Agent Alliance") 12(b)(6) Motion to Dismiss for Failure to State a Claim. R. Doc. 7. Plaintiff Joy Fellowship Church of Slidell ("Joy Fellowship") opposes the motion. R. Doc. 9. Agent Alliance filed a reply. R. Doc. 11. Having considered the briefing and the applicable law, the Court rules as follows.

### I.   BACKGROUND

This case arises from alleged damage to Joy Fellowship Church during Hurricane Ida. R. Doc. 1-1 at 2. At the time, Joy Fellowship was allegedly insured against hurricane wind damage. *Id.* at 1. The insurance policy was a blanket policy of Mortgage Security Insurance between Resource Bank, the mortgage issuer for Joy Fellowship, and Agent Alliance. R. Doc. 7 at 3-4. Resource Bank, who is not a named party in this suit, allegedly purchased the insurance to protect its interest in the property when Joy Fellowship failed to provide proof of insurance. *Id.* at 4. The original petition named Plaintiffs as Joy Fellowship and Kim Duncan, however who Kim Duncan is and his/her relationship to parties was never explained in the original petition. Because Joy Fellowship's amended petition removes Kim Duncan as a named plaintiff, the Court will treat Joy Fellowship as the sole plaintiff. *See* R. Doc. 13.

Joy Fellowship sued Agent Alliance[1] pursuant to the policy when Agent Alliance allegedly failed to tender adequate insurance proceeds. R. Doc. 1-1 at 2. After Hurricane Ida hit, Joy Fellowship alleges it suffered extensive damage and timely notified Agent Alliance of the loss. *Id.* at 2. On September 24, 2021, Agent Alliance allegedly sent an adjuster to inspect the property, and the adjuster valued the damages at $83,401.70. *Id.* Joy Fellowship then hired its own adjuster to inspect the roof, and Agent Alliance, in response, sent an additional adjuster and engineer to conduct a re-inspection. *Id.* at 2. In August 2023, Agent Alliance sent Joy Fellowship a notice of a partial denial and supplemental claim payment totaling $53,853.20. *Id.*

Joy Fellowship assert two causes of action in this case: (1) breach of insurance contract; and (2) bad faith damages for violations of La. R.S. § 22:1892 and § 22:1973. *Id.* at 2-3. First, it argues that Agent Alliance is liable for breach of contract by failing to compensate Joy Fellowship under the policy. *Id.* Second, it asserts that Agent Alliance violated La. R.S. § 22:1892 and § 22:1973, two Louisiana statutes that penalize insurers for undue delay in tendering owed funds. *Id.* at 3. Joy Fellowship seeks damages from Agent Alliance, including penalties, attorney's fees, and court costs. *Id.* at 3.

Agent Alliance responded by filing the instant 12(b)(6) Motion to Dismiss for Failure to State a Claim. R. Doc. 7. Soon after, Joy Fellowship filed a motion for leave to file an amended complaint. R. Doc. 10. This motion was granted by the Magistrate Judge, who noted the lack of opposition by Agent Alliance and the timeliness of the motion. R. Doc. 12. Joy Fellowship alleged in its motion that the amended complaint would cure any deficiencies alleged in Agent Alliance's

---

[1] Joy Fellowship originally sued Agent Alliance in the 22nd Judicial District for the Parish of St. Tammany and Agent Alliance removed the case to this Court pursuant to diversity jurisdiction. R. Doc. 1 at 1-3. Joy Fellowship is a non-profit organized and operating in Louisiana and Agent Alliance is a corporation organized in Alabama with its principal place of business in North Carolina. *Id.*

12(b)(6) motion. R. Doc. 10-1.

## II. PRESENT MOTION

Agent Alliance contends that Joy Fellowship fails to state a claim upon which relief can be granted because Joy Fellowship is not an insured under the policy. *Id.* at 4. Agent Alliance notes that under the policy, Resource Bank is listed as the "Insured Lender," while Joy Fellowship is listed as a "Borrower." *Id.* at 4. Because the policy is a lender-placed policy under which Resource Bank is the beneficiary, Agent Alliance argues that Joy Fellowship does not have standing to bring the current suit. *Id.* at 8. In addition to not being named beneficiaries, Agent Alliance notes that Joy Fellowship is not an additional insured party or third-party beneficiary under the policy. *Id.* at 12. Citing *Brown v. American Modern Home Insurance Company*, Agent Alliance notes that courts may find third party beneficiary status satisfied in a lender-placed policy scenario if the plaintiff/borrower can show that the amount of the insurance claim exceeds its mortgage balance. *Id.* at 9-10 (citing No. 16-15289, 2017 WL 2290268 (E.D. La. May 24, 2017)). However, the petition fails to state the damages and the mortgage balance, and Agent Alliance argues this warrants dismissal under 12(b)(6). *Id.*

Joy Fellowship timely filed a motion in opposition, arguing that Resource Bank assigned its rights under the insurance contract to Joy Fellowship, and therefore Joy Fellowship has standing to sue. R. Doc. 9 at 4. Joy Fellowship also notes that the amended complaint contains additional information about damages, which demonstrates both its third-party beneficiary status and states a sufficient cause of action under LA R.S. 22:1892 and 22:1973. *Id.* at 6.

Agent Alliance filed a reply brief, arguing that Joy Fellowship's assignment of rights and amended complaint do not cure the 12(B)(6) issue. R. Doc. 11. First, Agent Alliance argues that the assignment of rights between Resource Bank and Joy Fellowship is invalid because the policy

3

does not allow assignment of rights without Agent Alliance's permission, which has been neither sought nor obtained. *Id.* at 1-2. Additionally, the assignment of rights document contains no date and Agent Alliance argues that whether it was executed pre- or post-suit and pre- or post-loss is material. *Id.* at 2. Agent Alliance next argues that Joy Fellowship does not allege a loss in its amended complaint that exceeds the unpaid principal balance on the mortgage, and therefore Joy Fellowship is not a third-party beneficiary under the Policy. *Id.* at 3. The amended complaint states that Joy Fellowship's total loss is $383,830.51 and the mortgage balance is $259,500.38, however Agent Alliance argues that it has already paid out $141,257.00 and with the deductible of $15,132.00, this makes Joy Fellowship's amount of loss $227,441.51, which is less than the mortgage balance. *Id.* at 2-3.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.*" Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230

(5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV. ANALYSIS

The Court understands Agent Alliance's primary argument to be that Joy Fellowship is not a named insured on the policy, its bank is, and accordingly it cannot bring suit because (a) the bank's rights were not validly assigned to Joy Fellowship, and/or (b) Joy Fellowship's amended complaint fails to establish that it is a third-party beneficiary of the policy. The Court will address each in turn.

First, the assignment of rights poses two problems for Joy Fellowship. The insurance policy requires that Agent Alliance approve any assignment of the policy by the insured, in this case, Resource Bank. *See* R. Doc. 7-4 at 16 ("17. Assignment. Assignment of this Policy shall not be valid unless we give our written consent."). Agent Alliance represents that nobody contacted them to obtain consent, and further they did not provide it, and therefore the assignment is not valid. The second problem is that the assignment is undated. Agent Alliance argues that whether this assignment occurred prior to the loss, or prior to the filing of the instant suit, is relevant. Presumably, this is because if the assignment did not occur prior to filing suit, then Joy Fellowship lacked standing to bring the suit in the first place, but Agent Alliance does specify this as its rationale. Regardless, the assignment document contains a date line above the signatures which states "THUS DONE AND SIGNED on the ___ day of February, 2024 at Mandeville, Louisiana." *See* R. Doc. 9-2 at 2. The date of the day is left blank. This indicates that while the specific date is uncertain, it was likely executed in February of 2024 which is both post-loss and post-suit.

However, the Court finds that deficiencies with the assignment does not necessarily warrant dismissal unless Joy Fellowship is also found to lack third-party beneficiary status. One way that a borrower-plaintiff suing under a lender-placed policy may demonstrate third-party

5

beneficiary status is by pleading facts sufficient to demonstrate that the amount of loss exceeds its mortgage balance, as courts have viewed "loss payable" clauses constitute stipulations *pour autrui*, providing a clear intent to grant the borrower benefits under the policy. *See Brown*, 2017 WL 2290268, at **4-5.

Grounded in the standard for 12(b)(6), the Court finds that the amended complaint pleads facts sufficient to state a plausible claim upon which relief may be granted. The amended complaint shows that the amount of loss claimed exceeds the balance on the mortgage and therefore Joy Fellowship has demonstrated that it is, plausibly, a third-party beneficiary and can bring suit. The Court understands Agent Alliance's argument as to already-paid sums, and upon further factual development this matter may become appropriate for summary judgment, however at this juncture, the Court finds the pleadings sufficiently, though barely, state a plausible claim for relief and will deny Agent Alliance's motion to dismiss.

Accordingly, Defendant's 12(b)(6) Motion to Dismiss, R. Doc. 7, is **DENIED**.

New Orleans, Louisiana this 8th day of March, 2024.

_____
United States District Judge